## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANGELA M. ZIMMERLINK**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:10cv237 |
| | ) | **Electronic Filing** |
| **VINCENT ZAPOTOSKY** and | ) | |
| **VINCENT A. VICITES**, | ) | Judge David Stewart Cercone |
| | ) | Magistrate Judge Cathy Bissoon |
| Defendants. | ) | |

## MEMORANDUM ORDER

AND NOW, this 6th day of December, 2010, after de novo review of the record and upon

due consideration of [16] the magistrate judge's report and recommendation filed on August 31,

2010,  and [17] plaintiff's objections thereto, IT IS ORDERED that [3] the Defendant's Motion to

Dismiss and/or for More Definite Statement be, and the same hereby is, granted.  The report and

recommendation as augmented herein is adopted as the opinion of the court.

Plaintiff's objections are unavailing.  While the magistrate judge's recommendation that

plaintiff be required to file an amended complaint containing a statement of the claim that will

provide adequate detail to permit a meaningful analysis of defendants' qualified and legislative

immunity defenses is well taken, we conclude that the same relief is warranted on other grounds as

well.

In conducting a review of the matters raised by defendants' motion, the usual approach is to

ascertain whether a valid claim has been stated before reaching any affirmative defenses.  See e.g.

Tropiano v. Pennsylvania State Police, et al., 2006 WL 2077013 (E.D. Pa. 2006) (conducting

12(b)(6) analysis before determining whether the defendants had met their affirmative burden of

proving the defense of qualified immunity); Zion v. Nassan, -- F. Supp.2d --, 2010 WL 2926218

(W.D. Pa. July 23, 2010) (evaluating motion to dismiss under 12(b)(6) standards before assessing

appropriate approach in analyzing whether the defendants had met their burden of proving the

defense of qualified immunity); cf. Thomas v. Independence Township, 463 F.3d 285, 292, 295-99 (refusing to conflate the standards governing a qualified immunity analysis at the pleading stage with the merits of pleading a cause of action under § 1983 and observing that the factual allegations were sufficient under the applicable standards before turning to assessing the defendants' invocation of qualified immunity). Plaintiff vehemently argues that the complaint states a valid claim upon which relief can be granted and as a consequence defendants' attempt to invoke the affirmative defenses of legislative and qualified immunity must be rejected. The flaw in this position is that the allegations of the complaint are cast in a jumbled manner, create much ambiguity and fail to establish in any convincing manner that a §1983 claim for First Amendment retaliation has been stated.

The syllogism of the complaint appears to be that plaintiff, as the political-party minority member of the County Board of Commissioners, was critical of and outspoken about the manner in which the majority members were conducting official county business and the substance of some of the policies that were placed into effect. Defendants disliked plaintiff's public criticism of their operating methods and certain policies that were adopted by the Board. As a result, they engaged in more of the same conduct and that continuation effectively has inhibited plaintiff's ability to voice dissent and be outspoken at executive session and formal Board meetings, all of which constitutes a cognizable harm or injury for which the First Amendment provides protection and redress.

Plaintiff has not sued the county. She has sued the individual defendants in their "private" and "official" capacities. She does not have an employment relationship with the defendants. They do establish official county policy when they act as a quorum, which appears to be at the base of most of the acts identified in the complaint. Given these circumstances, it is entirely unclear whether plaintiff is seeking to pursue a claim that is grounded in her capacity as a public employee or as private citizen. Compare Worrell v. Henry, 219 F.3d 1197, 1211-13 (10th Cir. 2000)

(discussing implications of applying <u>Pickering</u> balancing to non-employee/contractor settings and adopting "ordinary citizen" framework where claims were not brought against a government entity as an employer);   <u>Kinney v. Weaver, et al.</u>, 367 F.3d 337, 357-60 (5th Cir. 2004) (*en banc*) (surveying available framework for First Amendment retaliation claims ranging from government employee cases at one end of the spectrum and the unconstitutional conditions doctrine applicable to retaliation claims brought by ordinary citizens at the other).   Assuming plaintiff is seeking to pursue the matter based on her status as a public employee, it likewise is unclear whether she spoke in a capacity that garners First Amendment protection.   <u>Cf.</u> <u>Garcetti v. Ceballos</u>, 547 U.S. 410 (2006) (a public employee must speak in a capacity that qualifies for First Amendment protection as part of <u>Pickering</u> balancing); <u>Whitfield v. Chartiers Valley School District</u>, 707 F. Supp.2d 561, 573 (W.D. Pa. 2010) (Cercone, J.) (same).

Moreover, even assuming plaintiff can place her actions within the scope of First Amendment protection, the current allegations fall far short of demonstrating a factual foundation from which the "retaliatory action" / "chilling effect" element can be deemed to be satisfied.[1] Plaintiff seems to suggest that she complained about and drew public attention to (1) the fact that

---

[1]A three-part test is utilized to assess a public employee's First Amendment claim of retaliation. <u>Whitfield</u>, 707 F. Supp.2d at 582.   First, the employee must demonstrate that the activity in question is protected.   Second, the employee must show that the protected activity was a substantial or motivating factor in the alleged retaliatory action. The alleged retaliation cannot be trivial or de minimis and must be sufficient to deter a person of ordinary firmness from exercising his or her First Amendment rights.   After this initial burden is met, the employer may still justify the adverse action by showing that it would have reached the same decision even in the absence of the protected conduct.   <u>Id.</u> (quotations and citations omitted).

The elements of a First Amendment retaliation claim advanced by a private citizen are: (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.   <u>Worrell v. Henry</u>, 219 F.3d 1197, 1212 (10th Cir. 2000) (quotations and citations omitted).

defendants were failing to consider all points of view about matters under consideration and (2) the manner in which county business was being conducted.  When she drew these matters to the public's attention, defendants retaliated by doing more of the same.  This has inhibited her ability to fulfill the role she perceives as appropriate for a minority commissioner and has resulted in further dissension and political infighting between her and the majority commissioners.  She does not identify how her ability to speak publicly about such matters has been inhibited or otherwise chilled.

Once again, the allegations of the complaint fail to provide a coherent framework from which an inference can be drawn that it is plausible that plaintiff will be able to demonstrate through the benefit of discovery that defendants engaged in a form of adverse action that is cognizable under First Amendment jurisprudence and a causal link can be drawn between any such action and the "protected" speech.  The magistrate judge obviously recognized similar shortcomings and resolved them for the purposes of the pending motion by reading paragraph 12 and 14 in the manner reflected in the report.  Plaintiff's counsel's objections to that reading effectively concedes that the allegations relating to matters plaintiff was outspoken about and the matters which purportedly constitute retaliation are essentially part of the same course of conduct. The assertion that this ongoing course of conduct supplies the elements of a First Amendment claim is based on fuzzy logic at best.

Plaintiff's attempt to invoke the concept of defamation and the "mishandling" of the settlement of a lawsuit in state court equally is less than clarifying.  The contours of the ability to sue for defamation under § 1983 are well established.  See e.g. Good v. City of Sunbury, 352 Fed. Appx. 688, 691-92 (3d Cir. 2009); Merkle v. Upper Dublin School District, 211 F.3d 782, 792-3 (3d Cir. 2000).  How the County's course of conduct in resolving a public proceeding in the state courts can be viewed as personal retaliation and how plaintiff's outspoken conduct properly can be found to be the impetus for that course of conduct are not matters that can be drawn from the

4

current factual allegations of the complaint by reasonable inference or otherwise.

The remedy for failure to state a claim is dismissal. But at this juncture any such remedy would have to be entered without prejudice to plaintiff's ability to attempt to cure the deficiencies of the complaint. Such relief essentially is what the magistrate judge recommended in the form of granting defendants' motion for a more definite statement, although for different but related shortcomings that appear to arise from the amorphous nature of plaintiff's "complaint."[2] Consequently, the court will follow the magistrate judge's recommendation and permit plaintiff to amend the complaint to address the shortcomings highlighted in the report and this memorandum order.

s/ David Stewart Cercone
David Stewart Cercone
United States District Judge

cc:    Honorable Cathy Bissoon
       United States Magistrate Judge

       E. J. Strassburger, Esquire
       Jordan L. Strassburger, Esquire

       Thomas P. McGinnis, Esquire
       Karin Romano Galbraith, Esquire

       Via: CM/ECF Electronic Filing

---

[2]The magistrate judge's focus on the immunity defenses was understandable, given that defendants devoted one sentence in their motion to the shortcomings of the complaint as they relate to stating a claim and otherwise focused their motion and brief entirely on the application of qualified and legislative immunity.